# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7863 | **DATE** | 12/14/2000 |
| **CASE TITLE** | ANNMARIE LINNANE vs. GOBLE AND ASSOC., INC., et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiff's motion to amend the complaint [12-2] is granted. Plaintiff is given until 1/16/01 to amend her complaint. Plaintiff's motion to modify [12-1] and motion to reconsider [15-1] is denied. Status hearing set for 1/25/01 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 15 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 21 |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 DEC 14 PM 4: 15 | date mailed notice | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANNMARIE LINNANE,  )
    Plaintiff,  )
    )
v.  )    CAUSE NO. 99 C 7863
    )
    )    JUDGE WILLIAM J. HIBBLER
GOBLE AND ASSOC., INC., et al.)

## MEMORANDUM AND OPINION

DOCKETED
DEC 15 2000

This Court has before it, Plaintiff's Motion to Modify the Order of Dismissal and Amend the Complaint (doc. #'s 12-1 & 12-2) and Motion to Reconsider (doc. #15). Plaintiff filed her complaint on December 3, 1999. Defendants then moved to have the cause of action dismissed.[1] A briefing schedule was set, and Plaintiff was given until February 11, 2000 to respond. Plaintiff failed to file a response and after addressing the merits of the case, this Court entered judgment in Defendants' favor on May 5, 2000. Plaintiff now seeks to have the May 5th Order modified, or in the alternative, she seeks leave to file an amended complaint. This Court's May 5, 2000 stands because it is correct. However, Plaintiff's Motion to Amend her Complaint is **GRANTED**.

## RULE 60(b) STANDARD

Plaintiff filed a Rule 59 motion to reconsider, because she filed her motion more than ten days after this Court entered judgment, the motion will be treated as a Rule 60(b) motion.

---

[1] Defendants filed their motion to dismiss on January 12, 2000. Their Memorandum of Law in support of that motion was filed on January 21, 2000.

1

> Rules 59(e) and 60(b) provide for different motions directed to similar ends. Rule 59(e) governs motions to "alter or amend" a judgment; Rule 60(b) governs relief from a judgment or order for various listed reasons. Rule 59(e) generally requires a lower threshold of proof than does 60(b), but each motions seeks to erase the finality of a judgment and to allow further proceedings.

*Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995). Whether a motion is to be treated as a Rule 59(e) depends on when the motion was filed, and not on the language the movant uses to designate the motion. Any post-judgment substantive motion filed within ten days of the entry of judgment is deemed a Rule 59(e) motion, but any such motion served more than ten days after the entry of judgment is evaluated as a Rule 60(b) motion. *Britton v. Swift Trans. Co. Inc.*, 127 F.3d 616, 618 (7th Cir. 1997) (citations omitted). The order of dismissal was entered on May 5 and Plaintiff filed a motion to reconsider on May 18 more than ten days after entry and therefore, the case will be analyzed under Rule 60(b).

Rule 60(b) is designed to provide relief from judgment "in exceptional circumstances" such as mistake, excusable neglect, or newly discovered evidence. *Dickerson v. Bd. of Ed. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Plaintiff bears the burden of proving that her Rule 60(b) motion should be granted and accordingly she must demonstrate (1) "good cause" for her default, (2) quick action to correct her default, and (3) a meritorious defense to her original complaint. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Generally, motions requesting a court to revisit issues which have already been decided will only be granted "to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resources, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). Whether to grant a motion to reconsider is "entrusted to the sound judgment of the

district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Such motions cannot reiterate arguments which have already been raised, or introduce new legal theories which could have been presented in the first instance. *Haedike v. Kodiak, Ltd.*, 814 F. Supp. 679, 684-85 (N.D. Ill. 1992).

## A. Count I

The Plaintiff claims this Court erred in dismissing Count I. Plaintiff asserts that because the material allegations of her complaint must be accepted as true by this Court, the May 5th Order should be amended or vacated. Count I was a claim for breach of contract and was dismissed for failure to comply with the Statute of Frauds. When Plaintiff filed her complaint, she did not attach any exhibits which would form the basis of her claim. She failed to attach the alleged written contract or any other evidence of an agreement between the parties. Also, she failed to respond to the motion to dismiss, and chose instead to rest on her pleading. Plaintiff now attaches, after Defendant entered a motion to strike, a written document alleged to meet the Statute of Frauds writing requirement. However, in the original complaint Plaintiff never attached any writing and only alleged there was a written contract. "[W]ithholding essential facts for later use on reconsideration is flatly prohibited." *Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Because Plaintiff has not claimed the writing is new evidence, she cannot withhold the writing and then introduce it on a motion to reconsider. *Id.* at 1269-70. Plaintiff cannot present this writing now on motion to reconsider when with reasonable diligence Plaintiff could have discovered or produced such evidence during the pendency of the Motion to Dismiss. *Id.* at 1269. Plaintiff fails to explain why the document was not produced earlier and neither asked the judge for

3

more time or for an order compelling any discoveries. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir. 1987). Plaintiff presented this Court with a document that was available to Plaintiff before the decision was rendered. *Id.*

This Court committed no error in dismissing Count I under the Statute of Frauds. Plaintiff failed to attach a writing which would support her claim that a written contract existed. A motion to dismiss must be decided solely on the face of the complaint, including material appended to the complaint as exhibits. Importantly, exhibits which are not part of the complaint, are not available to the district judge. *Doe v. First Nat. Bank*, 865 F.2d 864, 873 (7th Cir. 1989). Furthermore, exhibits that surface at a later date are not to be examined by the district court. *Id.* Therefore, Plaintiff's inclusion of her alleged contract is too little too late. This Court appropriately ruled on the pleadings and evidence placed before it in dismissing Plaintiff's complaint.

### B. Count II

Plaintiff also claims this Court erred on Count II. Count II was for fraud, and this Court treated it as a breach of contract. Even if this Court treats the Count as one for fraud, it will still be dismissed. Plaintiff alleges Defendant purposefully did not disclose the business's history, and Defendant "represented to plaintiff, that Goble, Inc. would pay off all existing debt of GAI and would sufficiently capitalize GAI to allow business to turn around." (Complaint ¶ 15). Plaintiff attempts to argue the company's prediction of its future is in effect a failure to admit the business's history. However, Plaintiff was made aware that GAI was in debt, and Defendant told Plaintiff their predictions of the future for GAI. Plaintiff's argument fails because future predictions do not constitute fraud unless a scheme is proven, and Plaintiff has indicated no such scheme. *General*

4

*Motors Acceptance Corp. v. Central Nat'l Bank of Mattoon*, 773 F.2d 771, 780 (7th Cir. 1985); *Razdan v. General Motors Corp.*, 979 F. Supp. 755, 759 (N.D. Ill. 1997) (citing *Bower v. Jones*, 978 F.2d 1004, 1011 (7th Cir. 1992)); *Steinberg v. Chicago Medical Sch.*, 371 N.E.2d 634, 641 (Ill. 1977). "Projections which turn out to be inaccurate are not fraudulent simply because subsequent events reveal that a different projection would have been more reasonable". *In re HealthCare Compare Corp. Sec. Litig. v. Healthcare Compare Corp.*, 75 F.3d 276, 281 (7th Cir. 1996) (citing *Grassi v. Information Resources, Inc.*, 63 F.3d 596, 599 (7th Cir. 1995)).

## C. Count III

Plaintiff claims Count III should be reinstated because that Count was deferred to the English Employment Tribunals on the basis of duplicative litigation, and now that body has dismissed Plaintiff's case. However, Plaintiff's case is currently pending appeal (Defendant's Exhibit B). A dismissal of a complaint does not necessarily terminate the litigation, and the mere fact that a case has been dismissed is insufficient, rather, it is the dismissal of the entire action that is significant. *Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership*, 845 F.2d 674, 676 (7th Cir. 1988). An order dismissing a complaint is not final when a plaintiff can file for an appeal or an amended complaint, "resurrecting the lawsuit". *See Principal Mut. Life Ins. Co.*, 845 F.2d 674,

676 (7th Cir. 1988); *Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir. 1988). To avoid duplicative litigation in the interests of justice, Count III remains deferred.

CONCLUSION

For the above stated reasons, Plaintiff's Motion to Reconsider or Amend the Court's May 5, 2000 dismissal of her cause of action is **DENIED**. Counts IV and V are based on pendent and ancillary jurisdiction and are dismissed because Counts I, II, and III are dismissed. Therefore, Plaintiff's Motion to Reconsider is **DENIED** in full. Plaintiff's Motion for Leave to Amend is **GRANTED**. Plaintiff is given until January 16, 2001 to file her amended complaint.

**IT IS SO ORDERED.**
**DATED:** December 14, 2000

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE