Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7863 | **DATE** | 07/26/2001 |
| **CASE TITLE** | Linnane v. Goble, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss (doc. #24)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss (24-1) is GRANTED. All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 2 7 2001 date docketed | |
| | Notified counsel by telephone. | | 29 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 26 PM 6: 20 | date mailed notice |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

In December 1999, Annmarie Linnane ("Plaintiff") filed a five count complaint against Goble & Associates and named individuals ("Defendants"). After the Court dismissed the complaint on May 5, 2000, Plaintiff filed a Federal Rule of Civil Procedure 60(b) motion to reconsider, to which Plaintiff attached a letter dated September 1998. In December 2000, the Court denied Plaintiff's motion but granted the motion to amend her complaint. In January 2001, Plaintiff filed her First Amended Complaint, alleging alternative claims for breach of contract and promissory estoppel. Defendants responded with the present motion to dismiss, pursuant to Rule 12(b)(6). For the reasons noted below, Defendants' motion is GRANTED.

On a motion to dismiss, the Court accepts all well-pleaded allegations as true and construes any ambiguities in Plaintiff's favor. See Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319 (7th Cir. 1997); Kelley v. Crosfield Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998). The attached letter to Plaintiff's First Amended Complaint is considered part of the pleadings. Fed. R. Civ. P. 10(c). Dismissal is granted only when "it appears beyond doubt that the plaintiff can prove no set of facts" to support the allegations in her claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, a plaintiff can plead herself out of court with facts that undermine the allegations in her complaint. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999).

It is illogical for Plaintiff to attach the letter to her amended complaint. A court may grant an untimely motion to amend when a plaintiff can introduce newly discovered evidence to support her claim. Bower v. Jones, 978 F.2d 1004, 1010 (7th Cir. 1992). Where the evidence was previously available, it is not considered "newly discovered." Groth v. Orkin Exterminating Co., 909 F.Supp. 1143, 1149 (C.D. Ill. 1995). In denying Plaintiff's motion to reconsider, this Court stated Plaintiff could not introduce the letter because she could have produced it earlier. (Dec. 14, 2000 Order at 3.) Thus, Plaintiff cannot now attach the same letter.

Even if Plaintiff could attach the letter to her amended complaint, the result is the same. Under Illinois law, the statute of frauds governs all agreements that cannot be completed within one year. See 740 ILCS 80/1 (West 1993). The complaint alleges a three-year employment contract. Since Plaintiff alleges the letter memorialized that agreement, the letter must satisfy the Statute of Frauds if the Court is to enforce the agreement's terms.

Employment is presumed to be "at-will." McInerney v. Charter Golf, Inc., 680 N.E.2d 1347, 1349 (Ill. 1997). A letter indicating an annual salary without an express duration changes nothing. Jago v. Miller Fluid Power Corp., 615 N.E.2d 80, 82 (Ill. App. Ct. 1993). Id. The letter in Jago omitted an employment term, referenced an annual salary, and calculated a bonus "on a full year basis"; the appellate court found insufficient evidence of a one-year contract. Id. Similarly, Plaintiff's letter omits an employment term, references an annual salary, and calculates a bonus "[t]o be determined after 1st 12 months." (Pl.'s First Am. Compl. Ex. A.) Therefore, Plaintiff's letter is insufficient proof of a three-year contract.

Plaintiff asks this Court to infer a 3-year employment term. First, the suggestion of an annual bonus fails to "indicate an intention to establish an employment term of one year." Jago, 615 N.E.2d at 82. Thus, the method of calculating Plaintiff's bonuses does not imply any employment term, let alone a three-year term. Second, an employment contract's terms must be "clear and definite." McInerney, 680 N.E.2d at 1349. A term is definite if a court can determine "what the parties have agreed to do." Acad. Chicago Publishers v. Cheever, 578 N.E.2d 981, 983 (Ill. 1991). Even absent the at-will presumption, the Court could not determine whether a party breached the term of duration when it is omitted. Therefore, the terms of the letter do not imply a three-year employment term.

Plaintiff also argues the partial performance exception to the statute of frauds applies here. In the employment context, the partial performance exception does not apply where the employer fully compensated the employee. McInerney, 680 N.E.2d at 1352. Furthermore, employment contracts generally do not warrant the partial performance exception due to the threat of rendering the statute of frauds "meaningless." Prodromos v. Howard Sav. Bank, 692 N.E.2d 707, 712 (Ill. App. Ct. 1998). Although Plaintiff argues her employment contract is atypical, leaving one job for another and moving one's possessions are not viewed as exceptional circumstances. See McInerney, 680 N.E.2d at 1351 (employee rejected job offer for lifetime employment); Jago, 615 N.E.2d at 81 (employee moved family from Pennsylvania to Illinois). Therefore, the equitable doctrine of partial performance does not apply.

Alternatively, Plaintiff argues a claim of promissory estoppel. Under Illinois law, the statute of frauds still applies. McInerney, 680 N.E.2d at 1352. Due to the at-will presumption, promissory estoppel claims for employment rarely succeed. Taylor v. Canteen Corp., 789 F.Supp. 279, 285 (C.D. Ill. 1992). Absent unjust enrichment, Plaintiff cannot plead promissory estoppel when she should have realized that reliance on her employer's promise was misplaced. McInerney, 680 N.E.2d at 1353. Plaintiff had served as a pharmaceutical executive for thirteen years and should have realized the letter did not show, let alone guarantee, a three-year term of employment. Furthermore, a letter omitting an express duration precludes a promissory estoppel claim for lack of an "unambiguous promise." Jago, 615 N.E.2d at 83. Therefore, Plaintiff's claim of promissory estoppel is without merit.

The statute of frauds bars Plaintiff's claim for breach of contract because the attached letter does not state an express term of three years. Her claim of promissory estoppel also fails under the statute of frauds and for lack of an unambiguous promise. Plaintiff can prove no set of facts to support the allegations in her claim. Defendants' motion to dismiss is GRANTED.

*[signature]*